Israel CERVANTES, Petitioner–
Appellant,

v.

Jim HALL, Warden, Respondent–
Appellee.

No. 04–57184.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 8, 2006.

Filed June 22, 2006.

Philip M. Brooks, Esq., Berkeley, CA, for Petitioner–Appellant.

Lynne G. McGinnis, Esq., Garrett Beaumont, Esq., AGCA—Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: GRABER, WARDLAW, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Israel Cervantes appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

█ Cervantes contends that use of his prior nonjury juvenile adjudications to enhance his sentence under California's Three Strikes Law violated his due process and jury trial rights. Both contentions fail. The California court's decision to use Cervantes' prior juvenile adjudications as predicate offenses in calculating his three strikes was not an unreasonable application of clearly established federal law. *See Boyd v. Newland,* 393 F.3d 1008, 1017 (9th Cir.2004) (holding that the "use of [a] juvenile adjudication as a sentencing enhancement was [neither] contrary to,"

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

nor did it "involve[ ] an unreasonable application of, Supreme Court precedent.").

Relying on *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), Cervantes also asserts that the use of his juvenile adjudications to enhance his sentence deprived him of due process, because he was assured that those adjudications would not be used against him. However, a critical distinction between *Santobello* and Cervantes' case is that, as the California Court of Appeal noted, the prosecutor did not enter into a plea bargain with Cervantes. *See Santobello*, 404 U.S. at 258, 92 S.Ct. 495. In fact, as the California Court of Appeal also concluded, Cervantes' reliance was on the law as it existed, rather than on any bargain between him and the prosecution.

■ Finally, Cervantes argues that his sentence of 25–years–to–life under California's Three Strikes Law constitutes cruel and unusual punishment in violation of the Eighth Amendment. However, this argument fails, because the California Court of Appeal did not unreasonably apply the "gross disproportionality" principle enunciated in *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). Nor did that Court unreasonably apply clearly established federal law to the facts. *See Ewing v. California*, 538 U.S. 11, 29, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003) (plurality opinion) ("In weighing the gravity of [a defendant's] offense, [a reviewing court] must place on the scales not only his current felony, but also his long history of felony recidivism.").

**AFFIRMED.**